1  Robert D. Vogel (SBN 63091)
   Robert.Vogel@jacksonlewis.com
2  Monica H. Bullock (SBN 211314)
   Monica.Bullock@jacksonlewis.com
3  JACKSON LEWIS P.C.
   200 Spectrum Center Drive, Suite 500
4  Irvine, California 92618
   Telephone: (949) 885-1360
5
   Attorneys for Defendant
6  TACONIC CAPITAL ADVISORS L.P.

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | RAFAEL ARROYO, | CASE NO. |
|---|---|---|
| 12 | Plaintiff, | [Transferred from Superior Court, County of Orange, Case No. 30-2020-01173018-CU-CR-CJC] |
| 13 | v. | |
| 14 | TACONIC CAPITAL ADVISORS L.P., a Delaware Limited Liability Company; and Does 1-10, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1331, 1367, AND 1441(A), (C) (FEDERAL QUESTION)** |
| 15 | | |
| 16 | Defendants. | |
| 17 | | |
| 18 | | |

19  **TO THE HONORABLE JUDGE AND THE CLERK OF THE UNITED STATES
20  DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,
21  PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

22       **PLEASE TAKE NOTICE** that Defendant TACONIC CAPITAL ADVISORS L.P.
23  ("Defendant" or "Taconic"), erroneously sued as TACONIC CAPITAL ADVISORS L.P.,
24  a Delaware Limited Liability Company, hereby removes to this Court the state court
25  Complaint described below and hereby invokes this Court's jurisdiction under the
26  provisions of 28 U.S.C. §§ 1331, 1367, and 1441(a), (c) as follows:

27

28

## SERVICE AND PLEADINGS FILED IN STATE COURT

1. On December 4, 2020, Plaintiff RAFAEL ARROYO ("Plaintiff" or "Arroyo") filed a Complaint against Defendant in the Superior Court of the State of California, County of Orange, titled *Rafael Arroyo v. Taconic Capital Advisors L.P.*, Case No. 30-2020-01173018-CU-CR-CJC, consisting of a single cause of action for damages and injunctive relief for violations of the Americans With Disabilities Act of 1990 ("ADA"), 42. U.S.C. § 12101 et seq., and the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53. A true and correct copy of Plaintiff's Complaint is filed concurrently herewith as **Exhibit A** to the Declaration of Monica H. Bullock ("Bullock Decl.") ¶ 2; Ex. A.

2. On December 17, 2020, Defendant was served with a copy of the Summons and Complaint by personal service.

3. Defendant filed an Answer to the Complaint in state court on January 13, 2021. [Bullock Decl., ¶ 4.] A true and correct copy of Defendant's state court Answer is filed concurrently herewith to the Bullock Decl. as **Exhibit B**. [Bullock Decl., ¶ 4; Ex. B.]

4. Other than the filing of the Complaint and Defendant's Answer, no further proceedings have occurred in the state court action. [Bullock Decl., ¶ 5.]

## TIMELINESS OF REMOVAL

5. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after Defendant was served with the original Summons and Complaint via personal service on December 17, 2020. *See Murphy Bros., Ins. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

## FEDERAL QUESTION REMOVAL

6. Plaintiff's Complaint is within the original jurisdiction of this Court based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. Section 1331 states "[d]istrict courts shall have original jurisdiction of all civil actions under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint is within this Court's federal question jurisdiction because the Complaint implicates the Americans With

Disabilities Act, 42. U.S.C. § 12101 et seq.  Under 28 U.S.C. § 1331, the United States District Court has original subject matter jurisdiction over this Action.

7. Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending." As stated above, Plaintiff brought this action in the Superior Court of Orange County. Thus, venue properly lies in the United States District Court for the Central District of California under 28 U.S.C. §§ 84(d), 1391(b) and 1441(a)

8. Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff and without conceding Plaintiff has pled claims upon which relief can be granted.

9. The Notice of Filing Notice of Removal will be filed promptly with the Clerk of the Superior Court for the County of Orange, as required by 28 U.S.C. § 1446(d).

## SUPPLEMENTAL JURISDICTION

10. To the extent any of Plaintiff's claims are not removable under Section 301, this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy over which this Court has original jurisdiction. *See generally* Exhibit A at ¶¶ 7-27. Each of Plaintiff's claims arise from the same set of occurrences and would ordinarily be expected to be tried in a single judicial proceeding. District courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within [] original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a); *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1070 (9th Cir. 2019). Absent unusual circumstances, where claims based on federal law have a "common nucleus of operative fact" with those alleged under state law, federal courts should exercise supplemental jurisdiction over the state law claims. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Because this Court has jurisdiction over

Plaintiff's claims that require interpretation and application of the ADA, this Court should exercise supplemental jurisdiction over the remaining claim brought under the Unruh Civil Rights Act. *See also Sea-Land Service, Inc. v. Lozen International*, 285 F.3d 808, 813 (9th Cir. 2002); *Picard v. Bay Area Regional Transit Dist.*, 823 F. Supp. 1519, 1526 (N.D. Cal. 1993).

## **PLAINTIFF'S COMPLAINT PLACES MORE THAN $75,000 IN CONTROVERSY**

11. Courts "must assume that the allegations of the complaint are true and that a jury [will] return [] a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is what amount is placed "in controversy" by the Complaint and not the amount that a defendant would owe if the plaintiff prevails. *Lewis v. Verizon Comm'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010); s*ee also Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) ("It's not a question as to what you would owe. It's a question as to what is in controversy."). The "amount in controversy is simply an estimate of the total amount in dispute." *Lewis*, 627 F.3d at 400.

12. The amount in controversy may include general and special compensatory damages and attorneys' fees which are recoverable by statute. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

13. In the instant case, Plaintiff seeks damages under the Unruh Civil Rights Act, which provides for actual damages and a statutory minimum of $4,000 for each offense. Plaintiff also seeks attorney fees, litigation expenses and costs of suit (*See* Complaint, Prayer for Relief, ¶¶ 2-3).

14. Attorney's fees may be taken into account to determine jurisdictional amount. *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982), *cert. denied*, 459 U.S. 945. Plaintiff's attorney's fees are recoverable under both 42 U.S.C. § 2205 and Cal. Civ. Code § 52(a). Attorney's fees in individual cases often exceed damages. *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002). Accordingly, it is reasonable to

consider Plaintiff's attorney's fees amounting to at least $75,000 through trial for purposes of calculating the amount in controversy in this action.

15. Ultimately, the evidence and allegations demonstrate that Plaintiff seeks damages in excess of $75,000, the jurisdictional requirement of this Court. Moreover, the attorney's fees incurred through trial alone will very likely exceed $75,000.

16. Thus, this civil action may be removed to this Court pursuant to the provisions of 28 U.S.C. §§ 1332, 1441, *et seq.,* and 1446(b), based on federal question jurisdiction and the fact that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## NOTICE TO SUPERIOR COURT AND ADVERSE PARTIES

17. As required by 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being filed in the Superior Court of California, County of Orange. (Bullock Decl., ¶ 6.)

18. As also required by 28 U.S.C. § 1446(d), Defendant is serving Plaintiff, the only adverse party, and the Superior Court with this Notice of Removal. (Bullock Decl., ¶ 6.)

## CONCLUSION

19. WHEREFORE, Defendant respectfully requests the above action now pending against it in the Superior Court of Orange County be removed to the District Court for the Central District of California, and that all future proceedings in this matter take place in the United States District Court for the Central District of California.

Dated: January 15, 2021          JACKSON LEWIS P.C.

By: */s/ Monica H. Bullock*
   Robert D. Vogel
   Monica H. Bullock

Attorneys for Defendant
TACONIC CAPITAL ADVISORS L.P.

# CERTIFICATE OF SERVICE

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

**CASE NAME:**   *Arroyo v. Taconic Capital Advisors L.P.*

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 200 Spectrum Center Drive, Suite 500, Irvine, CA 92618.

On January 15, 2021, I served the foregoing document(s) described as: **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. SECTIONS 1331, 1367, AND 1441(A), (C) (FEDERAL QUESTION**) in this action as follows:

| | |
|---|---|
| Raymond Ballister Jr.<br>Russell Handy<br>Amanda Seabock<br>Zachary Best<br>CENTER FOR DISABILITY ACCESS<br>8033 Linda Vista Road, Suite 200<br>San Diego, CA  92111 | Attorney for Plaintiff<br>ORLANDO GARCIA<br><br>Telephone:  (858) 375-7385<br>russ@potterhandy.com<br>amandas@potterhandy.com<br>best@corfeestone.com |

**[XX]** **BY E-MAIL OR ELECTRONIC TRANSMISSION**

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission, I caused the document(s) described above to be sent from e-mail address stacy.boura@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**   **FEDERAL**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2021, at Irvine, California.

　　　　　　　　　　　　　　　　　　　　*/s/ Stacy Boura*
　　　　　　　　　　　　　　　　　　　　Stacy Boura

4842-9307-4390, v. 1